UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81389-CIV-MARRA

JOSEPH NUTINI,

      Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant State Farm Mutual Automobile Insurance

Company's Notice of Removal (DE 1), filed November 21, 2008.  The Court has carefully

reviewed the court record and is otherwise fully advised in the premises.

Defendant removes this case, claiming this Court possesses subject matter jurisdiction

based on diversity of citizenship and an amount in controversy that exceeds $75,000.00. (Notice

of Removal ¶¶ 4-7.)  Defendant, with no explanation, states that the amount in controversy

exceeds $75,000.00. (Notice of Removal ¶ 5.)  Plaintiffs' state court complaint alleges damages

in excess of $15,000. (State Court Compl. ¶ 1, attached to Notice of Removal.)

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v.

American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir.2001).  Removal jurisdiction is

construed narrowly with all doubts resolved in favor of remand. See Pacheco de Perez v. AT & T

Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating

the propriety of removal.  Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996).  Federal courts

have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction" and the decision to address that issue <u>sua</u> <u>sponte</u> "applies equally in removal cases" <u>Liberty Mutual Ins. Co. v. Ward Trucking Corp.</u>, 48 F.3d 742, 750 (3d Cir. 1995). In diversity cases with an unspecified damages claim, the removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional minimum. <u>Tapscott v. MS. Dealer Service Corp.</u>, 77 F.3d 1353, 1357 (11th Cir. 1996), <u>overruled</u> <u>on other grounds</u>, <u>Office Depot v. Cohen</u>, 204 F.3d 1069 (11th Cir. 2000).

The Court finds that Defendant has not met its evidentiary burden regarding the amount in controversy requirement. Defendant's mere statement that the matter in controversy exceeds $75,000.00 is not supported with any record evidence. Defendant has not submitted any responses to requests for admissions, answers to interrogatories, medical bill or demand letters which demonstrate that Plaintiff's claim exceeds $75,000. In other words, the Court cannot satisfy itself that diversity jurisdiction exists in this case. Hence, the case must be remanded back to state court. <u>See, e.g.</u>, <u>Shuflita v. Target Corp.</u>, 2008 WL 4540995 (S.D. Fla. 2008).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of November, 2008.

_____
KENNETH A. MARRA
United States District Judge